THE STATE v. McGRAW, *Plaintiff in Error.*

1. **Practice, Criminal**: DEFENDANT AS A WITNESS. Under section 1918, Revised Statutes 1879, a defendant in a criminal case testifying in his own behalf, can be cross-examined only as to those matters referred to by him in his examination in chief.

2. ———. EVIDENCE OF FORMER CONVICTION. It is error to permit a witness to be asked if he has not been before convicted and sent to the penitentiary.

3. **Burglary and Larceny**: EVIDENCE. To authorize a conviction of larceny under an indictment charging burglary and the larceny of particular property, the proof must show that the property named was taken. Proof of the taking of other property will not suffice.

*Error to Pettis Criminal Court.*—HON. JOHN E. RYLAND, Judge.

REVERSED.

*S. A. Wardan* and *Smith & Shirk* for plaintiff in error.

*D. H. McIntyre,* Attorney General, for the State.

NORTON, J.—The defendant was jointly indicted with one Jno. McGraw, in Pettis county, for burglary in the second degree, and larceny, and being put upon his trial was convicted, and his punishment assessed at five years' imprisonment in the penitentiary. He brings the case here upon writ of error, and among others assigns as a ground of error the action of the court in permitting the prosecuting attorney in his cross-examination of defendant, who was introduced as a witness, to examine him as to other matters than those testified to by him upon his

examination in chief. Under section 1918, Revised Statutes, the cross-examination of a defendant in a criminal case, who becomes a witness, must be confined to those matters referred to by him in his examination in chief. The latitude given the prosecuting attorney in cross-examining defendant touching matters wholly foreign to those spoken of by defendant in his examination in chief, was error under the above statute, inasmuch as the questions propounded did not undertake to lay a proper foundation for the impeachment of defendant as a witness. None of them were pertinent either to the issue or things testified to by defendant in his chief examination.

The State's attorney was allowed to ask and defendant compelled to answer the following question: "If he had not been convicted and sent to the penitentiary of Kansas under the name of Hallow?" Under the ruling of this court in the case of *State v. Rugan*, 68 Mo. 214, this action of the trial court is reversible error.

As the judgment will be reversed for this error, it may be well to observe that the first instruction is inaccurate. The instruction, after defining burglary and its punishment, tells the jury that if after entering the shop defendant feloniously stole and carried away any goods or personal property or anything of value, he is guilty of both burglary and larceny. The instruction should have been confined to the stealing and carrying away the property charged in the indictment to have been stolen. While a person who commits a burglary and also commits a larceny is punishable for the larceny without regard to the value of the property stolen, as for grand larceny, yet when he is charged with the burglary and also with stealing certain property in the indictment it would be improper to direct the jury that he might be convicted of the larceny if he stole other property than that charged in the indictment to have been stolen. *State v. Barker*, 64 Mo. 282.

Judgment reversed and cause remanded, in which all concur, except Judge RAY, absent.