The State v. Mills.

----

## THE STATE v. MILLS, *Appellant.*

**Criminal Practice : EVIDENCE.** Where no objection is made nor exception saved to the cross-examination of a defendant in a criminal case, as to matters not testified to in chief, the same is waived.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*J. C. Trigg* and *E. H. Wyatt* for appellant.

*B. G. Boone,* Attorney General, for the state.

NORTON, J.—Defendant Mills was, with three others, jointly indicted in the Jasper county circuit court, at the September term, 1884, for an attempt to commit burglary. He was separately tried at the same term, and was convicted and sentenced to two years imprisonment in the penitentiary.

The indictment is based on section 1645, Revised Statutes, and complies in all essential particulars with the requirements of said section, and sufficiently sets forth the offence therein designated. Defendant was introduced as a witness in his own behalf, and on his cross-examination by the state he was asked one question

VOL. 88—27

touching a matter not strictly embraced in his examination in chief. No objection was made at the time to the question, nor was any exception saved. While we have held, *State v. McGraw*, 74 Mo. 573, and *State v. McLaughlin*, 76 Mo. 320, that it was not permissible to allow a defendant in a criminal case to be cross-examined as to matters not testified to by him in his examination in chief, we have also held, *State v. McDonald*, 85 Mo. 539, that in regard to new matters, the same rule applies in both civil and criminal cases. No objection having been made at the time to the question, nor exception saved, it cannot now be considered. The instructions given by the court are unexceptionable, and the evidence tends strongly to support the verdict of the jury, and there is nothing in the record which we have examined to justify an interference with the judgment, and it is hereby affirmed. All concur.