THE STATE v. BEAUCLEIGH, *Appellant.*

1. **Criminal Practice** : EVIDENCE. A defendant to a joint indictment, as to whom a *nolle prosequi* has been entered, is a competent witness for the state against his co-defendant.

2. —— : ——. On the trial of an indictment for obtaining money by false pretenses, where the offence was committed on a railway train, evidence which tended to show the system on which similar operations had been conducted by defendant and his accomplices, for some days previous, and up to and including the time when the offence charged was committed, was competent for the purpose of showing the intent with which the defendant remained on the train with his victim after he had obtained his money.

3. —— : ——. An application made to the governor and filed in the office of the secretary of state for the *remittitur* of the penalty of a forfeited recognizance is inadmissible to prove the facts therein stated.

4. —— : VENUE. The venue stated in the margin of the indictment is sufficient under Revised Statutes, section 1813.

5. —— : INSTRUCTION. An instruction is proper which tells the jury that they are at liberty to disregard the testimony of any witness who had wilfully sworn falsely.

*Appeal from St. Louis County Circuit Court.*—HON W. W. EDWARDS, Judge.

AFFIRMED.

*Zach. J. Mitchell* and *Alexander McElhenney* for appellant.

(1) No act, after commission of common enterprise is ended, is admissible. *State v. Duncan,* 64 Mo. 262–6 ; *State v. Barham,* 82 Mo. 67 ; 2 Bishop Crim. Proc. 230 ; 2 Wharton Law of Evid., sec. 1206. Evidence of other offences is not admissible saving in a restricted manner, *i. e.,* by instruction. *Brand v. Commonwealth,* 13 Merr.

290 ; and recent case of *State v. Bayne*, 88 Mo. 601. No evidence of intent to defraud the public is in general admissible. 2 Bishop Crim. Proc., sec. 233. (2) Defendant cannot be cross-examined as to matters not testified to on examination in chief. *State v. Patterson*, 88 Mo. 88. (3) The court erred in its refusal to admit a copy of McDonald's application for relief from the forfeited bond, as corroborative of defendant's explanation of his having forfeited his recognizance. R. S., secs. 2280, 1688. (4) It is the duty of the trial court to instruct fully on the law, whether asked to do so or not. *State v. Barham*, 82 Mo. 67 ; *State v. Palmer*, 88 Mo. 568. (5) Where the evidence fails to prove the specific charge in the indictment, but only establishes the general bad reputation of the accused, it is insufficient to support a conviction. 2 Bishop Crim. Proc., sec. 233 ; *Commonwealth v. Harley*, 7 Met. 506 ; *Commonwealth v. Kellogg*, 7 Cush. 473 ; *State v. Scott*, 48 Mo. 424.

*B. G. Boone*, Attorney General, for respondent.

(1) Although the evidence showed that the witness, Byrns, was a party to the crime committed by defendant, and that Byrns had been indicted, it is also shown that the prosecution against him had been dismissed, and he was a proper witness for the state. R. S., sec. 1917 ; *State v. Underwood*, 57 Mo. 40. (2) The crime of obtaining the money from Parrott was a continuous one, and the act of defendant, in following him up so as to watch his movements, and report to his partners, if Parrott raised a disturbance or sought to have William Beaucleigh and Byrns apprehended, was as much a part of the common enterprise as the actual working of the "freight bill racket" by which Parrott was induced to part with his money. (3) The evidence introduced, relative to other offences, was admissible against defendant to explain his actions while on the train, and to show

·the intent with which he did the acts charged. The rule as to the admission of evidence of other offences, as laid down by this court, was not violated in the case at bar. *State v. Meyers*, 82 Mo. 558; *State v. Bayne*, 88 Mo. 605. (4) The rule as to the cross-examination of a ·defendant was not violated in any material particular in this case, and appellant has no cause of complaint in this regard. (5) The trial court did not err in refusing to admit in evidence a copy of an application of one McDonald for relief by a *remittitur* from a judgment on ·a forfeited bond—McDonald having been a security o appellant's on a bond for his appearance at a former term, which bond was forfeited by the non-appearance ·of appellant. This application was wholly irrelevant ·and immaterial. It could not have explained appellant's failure to appear, or in any way corroborate his ·evidence. (6) Appellant having testified, it was not ·improper to introduce evidence of his general character to affect his credibility. *State v. Palmer*, 88 Mo. .568. (7) When a defendant is cross-examined as to matters not testified to in chief, and no objections are made or exceptions saved at the time, the same is waived. *State v. Mills*, 88 Mo. 417. (8) The instruc·tions covered every phase of the case presented by the ·evidence.

BRACE, J.—The defendant was jointly indicted, at the May term, 1883, of the St. Louis county circuit court, with one William Beaucleigh and Pat Byrnes, under ·section 1561, Revised Statutes, 1879, for fraudulently ·obtaining from one Simpson C. Parrott the sum of three hundred and fifty dollars, by means of false and fraudulent representations and pretenses, and of a false andh bogus check. A severance having been granted William Beaucleigh, who afterwards pleaded guilty, and a *nolle prosequi* having been entered as to Byrnes, the .separate trial of defendant came on at the Novem-

ber term, 1885, of said court, and resulted in a verdict of guilty against the defendant, and his sentence to the penitentiary for a term of seven years; in due time, he filed his motion for a new trial, alleging, as grounds therefor, that the court admitted illegal testimony for the state, and excluded legal testimony offered by the defendant; that the court misdirected the jury in matters of law, failed to instruct the jury fully as to the law of the case, and refused proper declarations of law asked for defendant, and because the verdict of the jury was contrary to the law and the evidence in the case, and because of a variance between the proof and the allegations of the indictment. The motion for a new trial having been overruled, the defendant appeals to this court.

The court committed no error in permitting Phillips and Byrnes to testify as witnesses for the state. There is nothing in the record to show that the witness, Phillips, was in any manner disqualified, and the case against Byrnes, jointly indicted with the defendant and confessedly guilty, having been disposed of by a *nolle prosequi*, as to him, he was a competent witness; these facts only affect his credibility. *State v. Clump*, 16 Mo. 385; Bishop's Crim. Proc., secs. 1020, 1161.

The acts and declarations of the defendant, after the commission of the offence, though they could not have been given in evidence against his co-defendants, were competent against himself. It is contended that the court improperly admitted evidence of other offences; the only testimony that we find in the record, in which the action of the court was properly objected to and exceptions saved, which can be construed as obnoxious to this objection, is the following: The witness, Byrnes, was asked:

Q. "Was there any understanding between you, as to the part to be taken by each in such transactions?"

A. "There was no direct understanding, as I know of."

Q. "How did you know as to what each party was to do?" A. "*On former occasions, they done the same thing.*"

Q. "Done the same thing; what do you mean by the same thing?" A. "Well, when a man was beat of his money, the third man was to see that he went away all right; see what he had to say afterwards."

Q. "Who would you call the third man in this transaction in reference to Mr. Parrott?" A. "John was the third man."

The subject of inquiry immediately preceding the question objected to was the purpose of defendant in remaining on the train with Parrott after witness and Byrnes had gotten off at Pacific, and in answer to the question, "was there any understanding as to what Johnnie was to do, after he left Pacific?" the witness had answered, "not at that very time"; then he was asked the question objected to. The witness, before that, had given in detail the manner in which Parrott had been defrauded of his money, and the part which he, and William and John Beaucleigh, the defendant, had taken in the transaction, and the subject of inquiry to which the question objected to was addressed was the *quo animo* of defendant in remaining on the train with the victim of the confidence game, after the train left Pacific, where the witness and William Beaucleigh had gotten off, after obtaining his money. The witness had just before testified, without any objection on the part of the defendant, that he and the defendant and William Beaucleigh, for a week or ten days previous to the night on which the offence charged was committed, had been engaged, in the city of St. Louis, in playing confidence games, and that on that night they started out on the Missouri Pacific railroad, for the same purpose. The evidence objected to, tending to disclose the system on

which such operations had been conducted by the parties for some days previous, and up to and including the time when this offence was committed, with which defendant was charged, was admissible, for the purpose of showing the intent with which the defendant remained on the train with the defrauded victim, after he had been despoiled of his money. *State v. Myers*, 82 Mo. 559; Bishop's Crim. Proc., secs. 1126, 1127; Wharton on Crim. Evid., sec. 32; *State v. Bayne*, 88 Mo. 604.

After a careful examination of the evidence of the defendant in chief, and the questions asked him upon cross-examination, to which objections were made and exceptions saved, and which we can only consider (*State v. Mills*, 88 Mo. 417), we find there was no departure from the law requiring such cross-examination to be confined to matters referred to by the defendant in his examination in chief, except in one or two matters of no importance or significance in the case, the answers to which could in no way have had any effect upon the verdict.

The evidence of the witnesses introduced by the state in rebuttal, after the defendant had testified as a witness in his own behalf, as to his general reputation, was properly admitted. *State v. Clinton*, 67 Mo. 380; *State v. Palmer*, 88 Mo. 568. Their testimony as to the reputation of his associates not having been objected to, or excepted to, on the trial, its admission cannot be urged here as error. *State v. Burk*, 89 Mo. 635; *State v. Burnett*, 81 Mo. 119.

The defendant offered to read in evidence in his behalf a petition of R. S. McDonald to the governor, praying for a remission of the penalty incurred by him as security for the defendant on his bond for his appearance to answer the indictment in this case; the court refused to permit it to be read. On no principle of the law of evidence could the contents of such an instrument be introduced in this case; the facts therein

stated could not be proved in this way, and the instrument, as to those facts, received no probative force by having been filed in the office of the secretary of state. The one evidential fact which the document had the force to prove, the *remittitur* by the governor of the penalty of the bond, had culminated in an entry of record in the case in the court in which it was then being tried, which entry the court offered to permit the defendant to read, which offer the defendant refused. No error was committed in the refusal of the court to permit the petition to be read.

Two objections are urged against the first instruction by the court. (1) That the court instructed the jury "that, although the indictment contained several counts, but one offence is intended to be charged." Whereas, the venue of the first three counts is laid in St. Louis county, and the venue of the fourth and fifth is laid on a moving railway train which, in the course of its voyage, passed through St. Louis county, and the instruction authorized them to convict on any one of the counts, if they found that the act was committed in St. Louis county. (2) Said instruction confined the jury to the offence defined by provisions of section 1561, in the assessment of the punishment. It is only necessary to say in answer to the first objection that it was not only proved, but admitted by the defendant, on the trial, that the offence charged was committed in St. Louis county. The venue laid in the margin of the indictment was St. Louis county. Section 1813, Revised Statutes, 1879, provides: "It shall not be necessary to state any venue in the body of any indictment, * * * but the county named in the margin thereof shall be taken to be the venue for all the facts stated in the body of the same." The more particular description of the *locus in quo*, contained in the fourth and fifth counts, was not inconsistent with the venue laid in the margin.

As to the second objection, the offence charged in

the indictment is the offence defined, and for which the punishment is prescribed, by section 1561. The indictment was drawn strictly in accordance with the terms of that section and in the form therein prescribed, the evidence corresponded with the allegations of the indictment, and tended to prove the offence therein charged, and the instruction very properly directed the jury to assess the punishment in accordance with the provisions of that section of the statute.

The court, in its instruction to the jury upon the doctrine of *falsus in uno*, etc., instructed them, that they were at liberty to disregard the evidence of a witness who had *wilfully* sworn falsely. It is contended that the instruction was erroneous in that the word, *knowingly*, was not also inserted in qualification of the false oath. The correctness of the instruction, as given, is sustained by a number of decisions of this court. *State v. Elkins*, 63 Mo. 159 ; *White v. Maxey*, 64 Mo. 552 ; *State v. Palmer*, 88 Mo. 568. The last case is cited by counsel in support of their contention ; it is directly in point to the reverse ; there is a world of difference between the little words "and" and "or."

Of the instructions asked by the defendant, four were refused. The first was to the effect that the jury should not take into consideration any evidence tending to prove a conspiracy between the parties to cheat and defraud the public generally, or any individual whom they might meet ; the second and third had no bearing upon the case, and the fourth directed them that if they found the offence was committed on a railroad train, they should assess the punishment as for a misdemeanor, under section 1564, Revised Statutes, 1879. There was no error in refusing these instructions. The instructions given by the court, upon its own motion, and those given at the request of the defendant, very fully and fairly presented the law of the case to the jury.

VOL. 92—32

If the evidence given by the witness, Byrnes, was true, there can be no doubt of defendant's guilt; his testimony was strongly corroborated, not only by the evidence of the witness, Phillips, who was in no sense an accomplice, but by the other witnesses who testified in the case.

The evidence was sufficient to sustain the verdict, and the judgment of the circuit court is affirmed. All concur.