STATE of Missouri, Respondent,

v.

Joe Henry McBRIDE, Appellant.

No. 49569.

Supreme Court of Missouri,

Division No. 1.

April 8, 1963.

William A. Richter, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., James Wilson Spencer, Special Asst. Atty. Gen., Jefferson City, for respondent.

HOLLINGSWORTH, Judge.

The information herein, after alleging two prior felony convictions of defendant under the habitual criminal act, in one count charged defendant with burglary in the second degree of and stealing from a shop of Alfred Aslanian, doing business as Aro Cleaners, situate at 2600 North Taylor Avenue, in the City of St. Louis. (See §§ 560.070 and 560.110 RSMo 1959, V.A.M.S., to which revision all statutory references herein are directed.) The jury returned a verdict finding "defendant guilty of Burglary in the second degree and Stealing as Charged." The court, hearing evidence out of the presence of the jury, found that defendant had been priorly convicted of the felonies alleged and, upon return of the jury's verdict, assessed his punishment at imprisonment in the State Penitentiary for a term of two years for the crime of burglary and two years for stealing, said sentences to run consecutively. Following hearing and overruling of defendant's motion for new trial and proper allocution, judgment was rendered in accordance with the verdict and the term of imprisonment assessed by the court. He has appealed.

Among the errors assigned are the following: (a) the evidence does not show that the stealing was committed at the time of and in connection with commission of the burglary, but on the contrary shows that the burglary and stealing consisted of two separate and distinct felonies, which may not lawfully be joined and tried under one information; (b) the information did not describe the property which the State's evidence tended to show that defendant stole and, therefore, does not warrant conviction of defendant of stealing the property shown by the State's evidence; and (c) the court erred in failing to instruct the jury that it was required to find that defendant stole the property described in the information before it could convict him of stealing.

The evidence in behalf of the State warrants a finding of the following facts. The shop, known as Aro Cleaners, owned and operated by Alfred Aslanian, is located on the northeast corner of Taylor Avenue and Cottage Street. A narrow dead-end gangway separates the building in which the shop is located from a grocery store immediately to the north. On Saturday evening, February 17, 1962, about seven o'clock, Mr. Aslanian closed and locked the shop for the weekend. On that date and prior

thereto an exhaust fan was affixed in the north wall of the shop about eight feet above the grade level of the gangway and five feet from its dead end. On Monday morning, February 19, 1962, Aslanian returned to the shop. His employee, Milton Brookins, and a police officer, Charles Ruengert, were there. They saw that the exhaust fan had been pushed into the inside of the shop and it was found underneath a clothes rack inside the shop. Clothing, usually kept on racks, was all over the place and much of it had been thrown upon the floor. It was evident that quantities of women's clothing had been cast aside and that principally men's garments, the value of which was estimated at $500, had been stolen. An electric drill, electric saw, coins from a peanut vending machine a typewriter, an adding machine, a German pistol and wrenches, the value of none of which items was shown, had also been stolen. A cabinet with a safe in it was broken open and money kept therein was missing. Some women's clothing was found on Monday in a vacant lot across the street.

Following a conversation of Police Officer Elmer with one Ronald Scott on March 2, 1962, Elmer and Police Officer Cox on that day went to a dining room in Marquette Hall, St. Louis University, about 3:00 p. m. There they found defendant at work in a white uniform. The officers placed the defendant under arrest, but permitted him to go to his locker in the building and change into street clothing, following which he came out wearing a man's blue suit. That suit, upon examination by the officers, revealed the laundry mark of Aro Cleaners stencilled in one of the suit pockets and an "Aro tag" number on a label in the coat. Defendant told the officers he had bought the suit. The officers, with defendant in custody, started to the police station. As they proceeded in the police car, they questioned defendant. He finally told them that the suit he then wore came from Aro Cleaners and also told them that he had more clothing from Aro Cleaners at his home. At the request of the officers, he consented that they go with him to his home; upon arrival, defendant admitted them. There he showed them a three-quarter length coat and four sport coats that came from Aro Cleaners. He and the officers then resumed their journey to the police station, where he was "booked" and held as "suspected of burglary". There defendant talked further with the officers, telling them that on Saturday night, February 17, at approximately 11:00 p. m., he and one James Taylor went to Aro Cleaners and walked down the gangway to the exhaust fan; that Taylor took a screen door found nearby, leaned it against the building, climbed up the screen door and pushed the exhaust fan out with his feet and hands and entered the shop, which made some noise; that defendant saw lights "come on" in living quarters above the grocery store, became scared and ran away without having entered the shop; that on the following evening, Sunday, February 18, defendant, Taylor and Ronald Scott returned to the shop, at which time defendant and Scott entered the building and Taylor remained in the gangway; that defendant and Scott gathered up numerous articles of clothing in the shop, which they "pitched" through the hole in the wall and which they then and there apportioned between the three of them; and that they then left the area, each going his separate way.

Shortly after defendant had made the statement on March 2nd, Aslanian, in response to a call from the police, came to the police station. He identified the clothing produced by defendant and defendant reiterated in the presence of Aslanian the statement he shortly theretofore had made to the police officers. In the course of his testimony, Aslanian said that defendant also admitted that he, Taylor and Scott took all the "merchandise and equipment" out of the shop on Sunday evening. Thereafter, seven sweaters and a coat taken from the shop were recovered from Ronald Scott and were in custody of the police.

At the trial defendant denied that he participated in or was present at either the

burglary or the stealing of anything from the shop and denied that he had made any statement to police officers or to any other person that he had participated in or was present at the burglary or the stealing. He also testified that he bought the clothing found in his possession from a casual acquaintance. He and others also testified that he spent the evenings of February 17 and February 18 at certain places in the city in the company of persons other than Taylor or Scott.

Section 560.070, defining burglary in the second degree, in substance here material, requires a finding of breaking and entering any building, in which any goods, wares, merchandise or other valuables are kept, with intent to steal. When the evidence shows beyond a reasonable doubt that the breaking and entry are made with the intent to steal, failure to consummate the intended stealing because of fright or any other reason does not exonerate any of the persons participating in the breaking and entry. State v. Wall, 339 Mo. 111, 96 S.W.2d 36, 39; State v. Shipman, 354 Mo. 265, 189 S.W.2d 273, 274–275; State v. Whitaker, Mo., 275 S.W.2d 316, 319. Where no stealing is shown, the intent with which the breaking and entry were made may and generally must be proved by circumstantial evidence. Oftentimes the circumstances under which the breaking and entry are shown to have been made, in and of themselves, warrant a finding of an intent to steal. State v. Whitaker, supra, loc.cit. 319; State v. Farris, Mo., 243 S.W. 2d 983, 985–986. In this case the oral admissions of defendant, as related by the police officers and Aslanian, and the manner in which the breaking and entry were shown to have been accomplished clearly support the verdict and judgment declaring defendant guilty of burglary in the second degree as charged.

Section 560.110 provides: "If any person in committing burglary shall also commit a crime of stealing, he may be prosecuted for both offenses in the same count, or in separate counts of the same indictment, * * *." It does not require that the stealing must be charged or shown to have taken place at the time of the first entry. If the evidence shows that the breaking and entry are made with the intent to steal and the latter element of the crime is consummated by an act of stealing as an integral part of commission of the burglary, then, although the act of stealing does not take place at the precise time of the breaking and original entry, yet, obviously, the person or persons committing both burglary and stealing under those circumstances may properly be charged with and tried for both burglary and stealing in the same information. The evidence in this case clearly warrants a finding that defendant and Taylor broke into and entered the shop on Saturday night with the intent to steal, left the premises only because they became scared, and, on Sunday night, in consummation of the intent with which they originally broke and entered the shop, again entered and committed the crime of stealing property therefrom. The defense, other than the general issue, was an alibi. If defendant desired a converse of the instruction submitting in behalf of the State the issue of defendant's stealing in commission of the burglary, he should have requested it. State v. Scott, Mo., 299 S.W.2d 526, 530[5]; State v. Worley, Mo., 353 S.W.2d 589, 595[4]. In the instant case, counsel for defendant not only did not request the giving of any instructions, he expressly advised the court, "I do not have any instructions to offer the court."

A more serious question is presented as to the validity of defendant's conviction of stealing *the property described in the information,* in connection with the burglary. The only property alleged in the information to have been stolen in connection with the burglary were the following four items: *"one hundred seventeen dollars, lawful money of the United States of the value of one hundred seventeen dollars; one .32 caliber German Automatic*

*Pistol, of the value of twenty dollars; one-fourth Will make Drill, of the value of twenty dollars; one Remington make Adding Machine, of the value of eighty dollars; all of the total combined value of two hundred thirty-seven dollars."*

As to the property *alleged in the information to have been stolen,* Aslanian testified that an "electric drill", an "adding machine", a "German pistol" and "some money" had been stolen. But he also testified that other items of property *not described in the information* were stolen, to wit: an "electric saw", a "typewriter", "some wrenches", a large amount of men's and women's clothing of the approximate value of $500, the "title" to his automobile, certain shares of stock in "my laundry", clothing "tickets" and a "peanut vending machine" which had "money" in it.

There is substantial evidence to support a finding that defendant stole a large amount of clothing from the shop on Sunday evening in consummation of the intent with which defendant was charged to have broken into the shop on Saturday night. The evidence favorable to the State in that respect was that defendant expressly admitted those facts and that a considerable amount of the *stolen clothing* was found in the possession of defendant and Scott, was recovered from them and was in the custody of the police. But the evidence that defendant stole any of the four items of property *alleged in the information* to have been stolen in the commission of the burglary rests primarily upon inferences to be drawn from the evidence as to the burglary and the finding of some of the clothing in the possession of defendant and Scott. None of the items of property *alleged in the information to have been so stolen,* nor, for that matter, any of the other stolen property, except the clothing, was ever recovered from nor was possession of any of it ever traced to defendant or Scott or Taylor; and, with the exception of the clothing stolen from the building, the evidence does not show that

any attempt was ever made to trace any of the property shown to have been stolen from the building, whether described in the information or not.

■ The law is clear that: "While a person who commits a burglary and also commits a larceny is punishable for the larceny without regard to the value of the property stolen, as for grand larceny, yet when he is charged with the burglary and also with stealing certain property in the indictment it would be improper to direct the jury that he might be convicted of the larceny if he stole other property than that charged in the indictment to have been stolen." State v. McGraw, 74 Mo. 573, 574. And in State v. Shapiro, 216 Mo. 359, 115 S.W. 1022, 1026, the same principle is stated: "The Constitution of this state [now § 18(a), Art. I, Const.Mo.1945] provides that 'in criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation' against him. He cannot be charged with stealing horses and convicted on proof that he stole hogs. Neither can he be charged with stealing copper and convicted on proof of stealing brass. * * * While our statute of jeofails cures many defects in evidence, it does not permit the state to charge a defendant with stealing specific articles of property of one kind and convict him of stealing other and distinct property. If it did it would be a clear violation of the constitutional provision above noted." See also State v. Jones, Mo., 227 S.W.2d 713, 717[8].

■ These cases, however, do not mean that evidence of possession of property stolen at the same time of the stealing charged in the information may not be admissible upon a further showing "that there was some connection between it and the property charged in the indictment to have been stolen, as where it is shown that it was stolen at or about the same time and place. But if there is proof that such property was also stolen, and that there was some connection between it and the prop-

erty which the accused is charged with stealing, the evidence is generally admissible. In such a case, it may be admitted for any or all of four purposes: (1) to prove felonious intent; (2) to prove that the alleged theft was a part of a continuous transaction or scheme of larceny; (3) to identify the defendant; and (4) to identify the allegedly stolen property." 32 Am.Jur., Larceny, § 134, p. 1045. See also State v. Hedgpeth, 311 Mo. 452, 278 S.W. 740, 742[4, 5], to the same effect. Consequently, the evidence of the theft of property shown to have been stolen under the circumstances shown by the evidence adduced in behalf of the State was competent for the reason and purposes above stated.

■ We are confronted, however, with defendant's further contention that the court erred in failing to instruct the jury that it was required to find that defendant *stole any of the property described in the information* before it could convict him of stealing. The contention must be sustained. The transcript shows that the court, by instruction No. 2, submitted the issue of burglary in the second degree with the intent to steal "personal property of any kind and of some value, however small" kept in said shop. By instruction No. 3, the jury was directed that if it found defendant guilty of burglary as defined and explained in instruction No. 2 and "that after breaking into and entering said building the defendant, either acting alone or jointly with another or others, took and carried away from and out of said building, goods, wares, merchandise and personal property * * *; and * * * took said goods, wares, merchandise and personal property, with the felonious intent at the time to steal same, then you will find the defendant guilty of stealing in connection with said burglary in the second degree, and so say in your verdict; * * *." The mere reading of the instruction shows that it au-

thorized a verdict finding defendant guilty of the felony of stealing committed in connection with the burglary if the jury found that he (either acting alone or with another) stole *any of the personal property* kept in said shop, irrespective of whether the jury found defendant had stolen *any of the four items alleged in the information to have been stolen*. In other words, to illustrate, the instruction authorized conviction of defendant if it found that he stole any of the clothing (of which there was highly substantial evidence), despite the fact that the information did not charge him with stealing clothing, or despite the fact that the jury may not have found beyond a reasonable doubt that he stole any of the items described in the information. In so instructing the jury, the trial court committed error prejudicial to defendant. State v. McGraw, 74 Mo. 573, 574; State v. Shapiro, 216 Mo. 359, 115 S.W. 1022, 1026; State v. Jones, Mo., 227 S.W.2d 713, 717[8]. Consequently, the judgment convicting defendant of stealing in connection with commission of the burglary must be reversed and the charge of stealing remanded.

Inasmuch as other errors complained of may be easily avoided at any future trial of defendant for the stealing of which he is charged in the information, no beneficial purpose could be served by burdening this opinion with discussion of them.

The judgment of conviction of defendant for the crime of burglary is affirmed. The judgment of conviction of defendant of stealing in connection with commission of the aforesaid burglary is reversed and the charge of stealing as set forth in the information, or in any amendment thereof, is remanded for further proceedings in accordance with the views herein expressed.

All of the Judges of the Division concur and STONE, Special Judge, concurs.