**STATE of Missouri, Respondent,**

v.

**Charles William WHITE, Appellant.**

No. 54178.

Supreme Court of Missouri,
Division No. 2.

Oct. 13, 1969.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

FINCH, Judge.

A jury convicted defendant of second degree burglary and stealing and assessed his punishment at three years imprisonment for each offense. The trial court, acting pursuant to § 560.110, RSMo 1959, V.A.M.S., provided that the terms of imprisonment should run consecutively rather than concurrently. After an unavailing motion for new trial, defendant appealed, asking only that his conviction for stealing be reversed and remanded. We affirm the conviction for burglary but reverse and remand the conviction for stealing.

The sole question presented on this appeal is whether Instruction No. 3, which submitted the offense of stealing, was prejudicially erroneous. Accordingly, we state only such facts as are necessary to a determination of that question.

The information charged defendant with burglary of a storeroom of Greenlease Cadillac in Kansas City, and with burglariously stealing therefrom a glass jar containing $9.00, three men's coats of the value of $30.00, five sets of car keys valued

**302**

at $5.00, and a 1964 Lincoln Continental valued at $2,695.00.

The evidence disclosed that the storeroom in question was located on a used car lot operated by Greenlease. A window in that building was broken out on the night of November 3, 1967, and the money, coats and car keys, together with some record books, were taken from within the building. That same night a 1964 Lincoln Continental was stolen from the used car lot.

There was evidence that defendant was driving the stolen Lincoln Continental at 7:00 a. m. on the morning of November 4, and also that he had in his possession the articles stolen from the burglarized building. He took these items to his mother's home that morning and they were later recovered by the police from defendant's mother.

The alleged burglary was submitted to the jury in instruction No. 2. No complaint is made by defendant with respect to that instruction, and in fact the defendant does not seek a reversal of his conviction of burglary on this appeal.

The issue of stealing in connection with the burglary was submitted to the jury in Instruction No. 3, which read in part as follows:

"The Court instructs the jury that if you believe and find from the evidence in this case, beyond a reasonable doubt, that at the County of Jackson and State of Missouri, on the 3rd day of November, 1967, the defendant herein, CHARLES WILLIAM WHITE, did then and there feloniously and burglariously break into and enter the storeroom of Greenlease Cadillac, a corporation, located at 2921 Gillham Road, Kansas City, Jackson County, Missouri, by bursting and breaking the rear office window of said storeroom, if you find he did break and enter the said storeroom, and if you further believe and find from the evidence in this case beyond a reasonable doubt that the defendant feloniously and intentionally did steal prop-

erty of any value, the property of Greenlease Cadillac, without the consent of the said Greenlease Cadillac, with intent to permanently deprive the said Greenlease Cadillac, of said property, with felonious intent to convert the same to his own use without any honest claim to said property, if such be your finding, then you will find the defendant guilty of Stealing and so find in your verdict. * * *"

■ Instruction No. 3 did not limit the jury in its deliberations to that property of Greenlease Cadillac alleged in the information to have been stolen. It referred to "property of any value, the property of Greenlease Cadillac." Under the rulings by this court in State v. McBride, Mo., 366 S.W.2d 374 [8]; State v. McCollum, Mo., 377 S.W.2d 379 [14]; and State v. Kennedy, Mo., 396 S.W.2d 595 [7], this made Instruction No. 3 prejudicially erroneous. Furthermore, the instruction was bad because it did not limit the jury's consideration to property taken from the burglarized building. The jury could have convicted defendant of burglariously stealing the 1964 Lincoln Continental even though under the evidence it was perfectly clear that the automobile was stolen off of a used car lot and not from the burglarized building.

■■ The theft of the automobile from the parking lot could not be burglarious stealing. Its theft could not properly be charged in the same information as one charging burglary of the Greenlease building. "The established rule in this state is that a defendant may not properly be convicted at the same trial of two distinct felonies except in those instances specifically provided for by statute." State v. Terry, Mo., 325 S.W.2d 1, 4. Section 560.-110, RSMo 1959, V.A.M.S., and Supreme Court Rule 24.04, V.A.M.R., permit the joinder of burglary and stealing committed in connection with that burglary, but they do not permit a joinder in the same information of a charge of burglary and charges of stealing property not taken in connection with the burglary.

The judgment of conviction of burglary is affirmed, but the conviction for stealing in connection with commission of the burglary is reversed and remanded for further proceedings in accordance with the views herein expressed.

DONNELLY, P. J., MORGAN, J., and HENLEY, Alt. J., concur.