**STATE of Missouri, Respondent,**

v.

**Richard Lee WARREN, Appellant.**

**No. 54334.**

Supreme Court of Missouri,
Division No. 1.

Nov. 10, 1969.

Motion for Rehearing or to Transfer to Court En Banc Denied Dec. 8, 1969.

———◆———

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

J. Arnot Hill, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

SEILER, Presiding Judge.

Charged as a second offender, defendant was found guilty of burglary in the second degree and stealing. He was by the court sentenced to five years' imprisonment on the burglary and three years on the stealing, to run consecutively.

When the offices of the Weathertite Window Company in Kansas City were opened for business the morning of April 17, 1968, it was discovered that in the interim since closing on the evening before, the premises had been burglarized. Entry had been made through a 24 inch panel knocked out of a garage door. The company safe had been moved 40 to 50 feet into the shop and the safe door torn off. Desk drawers and cabinet files were open and contents scattered. An inside door had been forced. A property inventory showed an adding machine, a dictating machine, $59 in money, a revolver, and some numbered blank checks bearing the company name were missing.

On the same day, April 17, in the late afternoon, defendant, driving a 1957 pink and white colored Cadillac, which, although not owned by him, had been in his possession and use since the preceding day, picked up a Miss Cooper at a street intersection in Kansas City and asked if she would go with him and cash some checks. She entered the car and defendant then picked up a Billy Wilks at the latter's house and the three of them drove to a Milgram grocery store on 47th Street. Defendant gave Miss Cooper a check to cash. She entered the store with Wilks, endorsed the check and cashed it. The two returned to the car, where defendant was waiting, and went to another Milgram store at 63rd & Prospect. Miss Cooper went in the store with another check, defendant was standing on the outside near the door, and Wilks was sitting in the car. Miss Cooper was then arrested in the store, Wilks in the car, and defendant after a chase on foot. The check which Miss Cooper cashed at the 47th Street store was identified as one of the missing

company checks, but, of course, was then no longer blank.

Under authority of a search warrant, the police searched the car and found under the front seat a shingle-type iron bar, 14 inches long, with the tip broken off. Earlier, a broken piece of metal had been found on the floor of the office of the Weathertite Company where an effort had been made to open the office safe. The police laboratory expert testified this piece of metal had originally been part of the bar found in the car.

The defense was an alibi, supported by defendant's sister and brother-in-law.

The amended information, in summary, charged defendant with burglariously breaking into the Weathertite Window Company building with felonious intent to steal and there stealing one adding machine, one dictating machine, and $50.00.

■ The evidence produced by the state as set forth above is sufficient to support both the burglary and stealing convictions and we overrule defendant's assignment of error on this point. There was substantial evidence presented defendant was involved in both the burglary and the stealing. When apprehended a relatively few hours after the crime was discovered, defendant had in his possession a bar which the proof showed was used in opening the safe. He also had, or had just caused to be put in circulation, one or more of the stolen blank checks. The jury could reasonably find the blank checks, the adding machine, the dictating machine, the money, and the revolver were all stolen in the same burglary, and, a fortiori, if defendant was involved in the burglary and the theft of the blank checks, he also was involved in the theft of the other articles, even though not found on him or in the car. There may have been more than one person taking part in the burglary and stealing, judging from the extent of the disorder in which the premises were left and the distance the safe was moved, and one person may have taken the checks and

another the other articles, but this, of course, would not lessen defendant's responsibility as one of the participants.

Defendant contends further the trial court erred in permitting the state to dismiss the charges against Billy E. Wilks. Wilks and defendant originally were charged together. Before the jury panel was examined, defendant was granted a severance and the trial proceeded against defendant alone. Then, after the jury had retired to deliberate on their verdict in defendant's case, the prosecutor, " * * * for the reason there is no evidence to connect him up with the crime committed", dismissed the charges against Wilks. Defendant argues this deprived him of Wilks' testimony and a fair trial; that his appointed counsel, who also represented Wilks, could not be expected to call Wilks as a witness. Defendant argues that Wilks was on more than friendly terms with one of the state's witnesses, Ruby Lawes, that he was his girl friend and hence had a reason for testifying that defendant was the one who had possession of the car from which the stolen checks were passed and where the broken shingle bar was found rather than Wilks, who defense counsel tried to get Mrs. Lawes to say had the car; that a deal had been made that the state would dismiss against Wilks if she testified against defendant. Defendant says this amounts to suppression by the state of evidence favorable to the accused within Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217; Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737. After the jury returned its verdict of guilty, defense counsel again moved for a judgment of acquittal, on the ground the state had breached its obligation of fairness by its conduct in dismissing as it did as to Wilks. The trial court overruled the motion, with the comment it could be renewed in the motion for new trial.

The point was raised in the motion for new trial, and in the brief here, but the difficulty is there is no showing of what Wilks would have testified to or what the state knew about what his testimony would have been. In the cases cited by defendant there was a showing of evidence which would have helped defendant and which the prosecution covered up. Not so here. There is nothing in the record to show how Wilks would have helped defendant or that the prosecution hid anything. Under the law, the prosecutor had the right to enter a dismissal at his sole discretion, State ex rel. Griffin v. Smith, banc, 363 Mo. 1235, 258 S.W.2d 590. There is no showing here his discretion was employed improperly and the point is overruled.

Instruction No. 8 authorized a conviction on stealing if the jury found the defendant " * * * did steal property of any value * * *", whereas the information charged him with stealing specified articles. The instruction did not limit the jury in its deliberation to that property of Weathertite Company alleged in the information to have been stolen and hence was prejudicially erroneous, State v. White, Mo., 445 S.W.2d 301, decided by Div. Two on October 13, 1969. However, unlike State v. White, supra, the point is not properly before us because it was not raised in the motion for new trial, Rules 27.20(a), 28.01, and 79.03, V.A.M.R., nor do we consider it a plain error under Rule 27.20 (c).

Judgment affirmed.

HENLEY, Alt. J., concurs.

STORCKMAN, J., absent.

HOLMAN, J., not sitting.