**STATE of Missouri, Respondent,**

v.

**Donald Lee SMITH, Appellant.**

No. 54494.

Supreme Court of Missouri,
Division No. 1.

April 13, 1970.

John C. Danforth, Atty. Gen., Warren K. Morgens, Asst. Atty. Gen., Jefferson City, for respondent.

J. Arnot Hill, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

THOMAS F. McGUIRE, Special Judge.

Defendant was convicted by a jury of burglary second degree and of stealing in connection therewith and punishment was fixed at three years for the burglary and two years for the stealing, the sentences to run consecutively. Defendant appeals. We affirm.

Defendant was charged by information with the crime of burglary and of stealing on November 29, 1967 and was arraigned and pleaded not guilty on January 11, 1968. The information, in part, charged the defendant with burglary and with burglarious stealing of the following:

"* * * One Dollar ($1.00) in lawful United States currency, two (2) ladies wristwatches of the value of Ten Dollars ($10.00) and miscellaneous foreign currency and coins of no value, of the aggregate value of Eleven ($11.00) Dollars of the goods and property of James Atkeisson * * *"

The testimony at the trial can be summarized as follows: The home of James Atkeisson was at 4446 Kensington, Kansas City, Missouri. Mr. Atkeisson and his wife visited their daughter in Memphis, Tennessee a week before November 20, 1967, and before leaving home he locked the house and secured all the doors and windows. Upon returning to his home on November 20 he discovered the back door had been broken in and demolished, and there were marks on the woodwork made by a large prying instrument, and the door had been nailed shut. An examination of the interior of the house revealed that certain pieces of furniture and the drawers thereof had been "gotten into and thrown around." The following items of personal property of James Atkeisson were missing from said home: Invasion money brought back by him from the Pacific Islands, where he served in World War II, a dollar bill of

American money, and two ladies wrist-watches. The value of the watches was about $10.00 each, and the invasion money (foreign currency) was of no value.

Police Officer Canaday testified that while patrolling in his police vehicle, in his assigned district, he responded to a radio call in the vicinity of 44th and Kensington Avenue, on November 20, 1967 relative to juveniles in the yard of the premises at 4446 Kensington. About the same time Officer Tarwater arrived in another police patrol vehicle. Both officers went around to the rear of said property, when Officer Canaday saw the defendant coming out of the rear door, and running across the rear yard, and hurdling the fence of the premises known as 4446 Kensington. The officer ordered the defendant to halt but the defendant continued to run and hurdled the fence of said property with the officers in close pursuit at a distance of fifteen to twenty yards. And Officer Canaday immediately thereafter apprehended defendant on the sidewalk at 4425 Spruce Street, the first street west of Kensington. At that time the defendant was somewhat out of breath. The defendant was placed under arrest and advised of his constitutional rights.

Defendant was then searched after he was apprehended and the following items were seized by the officer from defendant's person: One long screw driver; two ladies watches; one dollar in currency; and some foreign currency (invasion money), which property was identified by Mr. Atkeisson as belonging to him and was missing from his home when he returned on November 20, 1967. The defendant stated to the officers that his name was John Davis and he was sixteen years old. Later the defendant gave his right name and his age, twenty-three years old.

Officer Canaday further testified that he went back to scene of burglary and saw what appeared to be pry marks on the front and back doors. The rear door was badly damaged. The dresser drawers in the premises had been pulled out, pilfered, and the contents dumped on the floor. Officer Tarwater corroborated Officer Canaday's testimony. He identified the defendant as being on the scene and the man that he chased and apprehended on Spruce Street.

Yolette Davis testified that she had known the defendant for about one year, and on the morning of November 20, 1967 defendant was at her home at 4616 East 46th Street, and was there most of the day. That about 11:30 A.M. she asked defendant to go to the store for her and he did so. She gave him a ten dollar bill to make the purchases. He did not return from this errand.

Defendant testified on his own behalf that on or about 11:30 A.M. on November 20 he was going to the grocery store on an errand for Yolette Davis. He had a small screw driver on his person, and the screw driver introduced into evidence by the State was not the screw driver that he was carrying at the time of his arrest. He testified that while he was in the vicinity of 45th and Spruce Street a young man ran past him on 45th Street and dropped some items as he brushed him going by. Defendant picked up these items, proceeded down the street and a few minutes later two policemen appeared from between some houses, stopped him and placed him under arrest. That the items dropped by the fleeing person were two ladies wristwatches and some foreign coins. The fellow who had dropped the articles was short, medium-sized and had on a black, charcoal gray suede coat. Defendant denied having been in the house at 4446 Kensington and had nothing to do with any attempted burglary. He admitted a prior conviction of burglary and stealing. Defendant admitted telling the officer that his name was Davis, age sixteen, and further admitted that his right name was Donald Lee Smith, age twenty-three.

The appellant's only point presented on appeal is the trial court prejudicially erred in giving Instruction No. 3, alleging that

such instruction authorized the jury to find the defendant guilty if defendant stole property of any value instead of the property specifically enumerated in the information, citing State v. McBride, Mo.Sup., 366 S.W.2d 374; State v. McCollum, Mo.Sup., 377 S.W.2d 379; State v. Kennedy, Mo. Sup., 396 S.W.2d 595. This point was not raised in motion for new trial.

Instruction No. 3 authorized conviction if the jury found defendant " * * * did steal property of any value * * *," whereas the information charged him with stealing specified articles. The instruction did not limit the jury in its deliberation to that property of James Atkeisson alleged in the information to have been stolen, but the point is not properly before us because it was not raised in a motion for new trial, Rules 27.20(a), 28.01 and 79.03, V.A.M.R., nor do we consider it plain error under Rule 27.20(c) (State v. Warren, Mo.Sup., 447 S.W.2d 305, 307).

Judgment affirmed.

All of the Judges concur.