STATE of Missouri, Respondent,

v.

Tessy L. BELL, Appellant.

No. WD 31275.

Missouri Court of Appeals,
Western District.

Oct. 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Nov. 3, 1980.

Application to Transfer Denied
Dec. 15, 1980.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and SHAN-GLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Tessy Bell was convicted of burglary, second degree, and stealing, §§ 560.045 and 560.110, RSMo 1969, and was sentenced to a term of two years on each charge with the sentences to run consecutively.

On this appeal Bell contends the court erred in giving an instruction. Affirmed.

Bell does not challenge the sufficiency of the evidence. Bell and his brother, James Bell, were observed by their neighbor at about 11:00 A.M. breaking into another neighbor's home and carrying out boxes. Both Bell brothers were positively identified by the neighbor who had lived next door to them for some time. Bell testified he did not commit the burglary and stealing because he was home asleep.

The court gave an instruction that allowed the jury to find Bell guilty if it found "that after committing the offense [burglary in the second degree] the defendant and others stole miscellaneous personal property." It is contended this instruction was erroneous because it used the term "miscellaneous personal property" rather than specifically describing the property listed in the information. The only attack on this instruction was made in the motion for new trial that the trial court erred in allowing Instruction No. 8 because the instruction differed from the evidence adduced at trial. This was a general objection which does not preserve the question now sought to be raised for review because it did not give the trial court an opportunity to pass on the allegation of error now presented to this court. *State v. Rennert*, 514 S.W.2d 579, 580[1] (Mo.1974). Bell does not request that this alleged error be reviewed under the plain error provision of Rule 29.-12(b). However, if the alleged error is to be considered at all it must be under the plain error rule. A gratuitous review of this point under the plain error rule does not reveal any ground for relief. It is well settled that "plain error does not result in connection with instructions unless the court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice." *State v. Murphy*, 592 S.W.2d 727, 733[17, 18] (Mo. banc 1979). A review of the record in this case does not reveal that manifest injustice has resulted from the failure of the instruction to describe the personal property as it was in the information.

Further, in both *State v. Smith*, 452 S.W.2d 137 (Mo.1970) and *State v. Warren*, 447 S.W.2d 305 (Mo.1969) the court refused to find plain error in the failure to identify the personal property stolen in the instruction even though the court in *Warren* observed that the failure of the instruction to identify the property is prejudicially erroneous.

Thus, even though the instruction was required to describe the personal property

that was stolen, this flaw in the instruction did not result in manifest injustice in this case. The judgment is affirmed.

All concur.