STATE of Missouri, Respondent,

v.

John R. BEVINEAU, Appellant.

No. 38035.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 17, 1977.

Robert C. Babione, Public Defender, Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Geo. A. Peach, Circuit Atty., Evelyn M. Baker, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant John Bevineau guilty of first degree robbery of T. J. Coe and the trial court sentenced him as a second offender to 20 years' imprisonment. Defendant appeals, contending error in denying his motion to suppress the victim's in-court identification.

Sufficiency of the state's evidence is not challenged. Victim Coe, a Californian, visited St. Louis and asked defendant for directions. Defendant walked along the street with Coe and met three friends. Suddenly Coe was struck from behind, felled, robbed and hospitalized. Three police officers identified defendant as the man they saw taking objects from Coe's pockets, then running off; later defendant was apprehended in possession of Coe's camera.

Clearly, defendant was trebly identified as the robber. His appellate challenge is leveled at the single identification by victim Coe, that being based on his pre-robbery observation and in the courtroom a year later. Coe's identification was equivocal. He declined to make what he called an "absolute rigid identification" because he had not seen defendant for a year, but Coe added that defendant was "very similar" to one of the robbers. When asked point-blank if defendant was one of the robbers, Coe answered, "I think so, yes."

Defendant now relies on cases precluding in-court identification tainted by impermissibly suggestive *pretrial* confrontation. There were no pretrial identification procedures here. Coe's equivocal courtroom identification was based on his observation of defendant as they walked along the street just before being robbed.

A host of cases annotated in Mo.Dig., Criminal Law, including *State v. Maxwell*, 502 S.W.2d 382[9–12] (Mo.App. 1973), support the terse statement in 22A C.J.S. Criminal Law, § 616: "The indefiniteness and uncertainty [of the identification] affect the weight, rather than the admissibility, of the testimony." We hold the trial court did not err by denying defendant's motion to suppress the victim's in-court identification testimony.

Judgment affirmed.

DOWD and WEIER, JJ., concur.