**STATE of Missouri, Respondent,**

v.

**Donald WINTERS, Appellant.**

**No. 39904.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 27, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 1979.

Application to Transfer Denied
May 17, 1979.

George D. Pittman, Jr., Clayton, Robert C. Babione, Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Second degree murder.

Defendant was convicted by a jury of second degree murder. He was given seventeen years under the Second Offender Act.

Defendant complains that the state did not properly identify him as the person who had entered a guilty plea to second degree burglary so as to invoke the provisions of the Second Offender Act. We disagree.

The record reveals that the name of defendant, Donald Winters, was identical to the name of the previously convicted felon. The record on the prior offense showed that Donald Winters entered a plea of guilty on May 15, 1975 to second degree burglary. A certified serial record transcript showed that seven days later he was imprisoned, first discharged on parole on September 29, 1975, and was finally discharged in June, 1976. The trial court found that all elements necessary to invoke the Second Offender Act were present. It found beyond a reasonable doubt that defendant, Donald Winters, was sufficiently identified as a prior offender.

In proving a prior conviction, the sameness of the name of the defendant with the name of the person described in the official record is prima facie sufficient to show that the defendant is the same person. The defendant offered no identification evidence. There was nothing in the record to support his claim of insufficient identification. *State v. Shumate*, 516 S.W.2d 297, 300 (Mo.App.1974); *State v. Cook*, 463 S.W.2d 863, 868 (Mo.1971).

Defendant contends that the court erred in giving MAI–CR 6.06 in that the pertinent part of the pattern instruction provides: "Second, that the defendant intended to (take the life of) (cause serious bodily harm to) [*name of victim*]"; whereas the court gave the following pertinent part: "Second, that the defendant intended to take the life of Paul Boyer or to cause serious bodily harm to Paul Boyer." Defendant says that this instruction allows the jury to speculate that the defendant intended to take the life of, or cause serious bodily harm to, the victim. He says this improperly permits conviction upon alternate theories. We disagree.

Instructions are statements of the law applicable to the facts. It is the duty of the court to instruct the jury directly and precisely on the law of the case, even though the jury is to determine the facts and apply them to the law as instructed. *State v. McKeever*, 339 Mo. 1066, 101 S.W.2d 22, 28 (1936).

What is the law of the case? *State v. Cook*, 557 S.W.2d 484, 487 (Mo.App.1977) confirms "[a]n intent to kill or to cause serious bodily harm is an essential element of murder in the second degree." The questioned instruction did precisely that.

The Notes on Use advises:

"As to paragraph Second, it is possible that death occurred where the defendant intended only to do serious bodily harm and did not intend to kill. The offense would, nevertheless, be conventional second degree murder. Since an intent to do serious bodily harm will always be present where there is an intent to kill, if there is any question as to which intent existed the better course would be to submit only the intent to do serious bodily harm."

Accordingly, the submission of an intent to kill or intent to do serious bodily harm is not error where there is evidence of an intent to kill. If the state wants to take on this additional burden, there can be no error to the defendant.

Defendant then says that the evidence was not sufficient to prove that he intended to take the life of the victim. As stated above, if he intended to take the victim's life, he intended serious bodily harm. The evidence, and the reasonable inferences to be drawn therefrom, must be considered in the light most favorable to the state. *State v. Woolford*, 545 S.W.2d 367, 371 (Mo.App.1976). The scope of review extends only to a determination of whether there is sufficient substantial evidence to support the verdict. *State v. Sherrill*, 496 S.W.2d 321, 323 (Mo.App.1973).

There need not be direct evidence of intent to kill. It can be inferred from the circumstances surrounding a death. In *State v. Woolford, supra* at 371, the court stated:

"In determining intent, the jury can take into consideration the nature of the weapon used, the manner of using it, the results of its use and all of the related circumstances."

 The facts show that defendant went to the victim's house on the night of the shooting to retrieve a gun he had left two weeks earlier as security for a debt of $35.00. Defendant knew that he did not have the money to repay the victim. He also knew that the victim was considering selling the gun. On arrival, defendant asked about his gun. The victim retrieved it and laid it on a table. The victim inquired about his money. Defendant picked up the gun. He replied that he didn't have the money but would take the gun, sell it, and bring him the money.

The victim reached for the gun and was shot twice. He was shot in the chest and in the face. Defendant fled from the scene and returned home. When the police came after the defendant he fled and stayed away several days. Before dying, the victim told his neighbor and the police that defendant had shot him. We hold such facts to be substantial evidence that defendant intended to kill the victim.

Defendant's final point that "the Court failed to instruct the jury as to penalty as prescribed by MAI-CR 6.06" is without merit. For the reason the Second Offender Act was applicable to this case, the trial judge, rather than the jury, properly determined the punishment. *Turnbough v. State*, 544 S.W.2d 894, 895 (Mo.App.1976); see also, MAI-CR 2.04, Special Note 3.

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.