STATE of Missouri, Respondent,

v.

Michael Lee EALEY, Appellant.

No. WD 32355.

Missouri Court of Appeals,
Western District.

Sept. 15, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 1981.

Application to Transfer Denied
Dec. 14, 1981.

Fred Duchardt, Public Defender, Liberty, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a jury conviction for rape, § 566.030, RSMo 1978 and sodomy, § 566.060, RSMo 1978. The jury affixed punishment in the Division of Corrections at 15 years on each count, the sentences to run concurrently. The judgment is affirmed.

Appellant presents two points of error on appeal. In summary, these are: (1) the trial court committed plain error in its submission of MAI–CR2d 1.02 and (2) the trial court erred in sustaining respondent's objection to defense counsel's question because of insufficient information to sustain the objection.

The sufficiency of the evidence is not challenged, thus permitting a brief summary of pertinent facts to suffice for purposes of disposition of this appeal.

The record reveals that the following facts, if believed, would support the jury's verdict. On January 15, 1980, V_____, the 11 year-old stepdaughter of appellant, returned home from school around the hour of 3:30/3:35, a normal hour for her arrival. At the residence was her mother, grandmother, two younger sisters, and appellant. Appellant was intoxicated and ordered V_____ to empty the ashtrays and pick up trash around the house. While V_____ was performing this chore, she met appellant on the interior stairway. Appellant took the trash from the girl and threw it against the wall. He then took her to the parent's bedroom and raped her. During the attack, V_____ tried to scream, but appellant placed his hand over her mouth. Moments later, V_____'s mother entered the bedroom and observed V_____ sitting on the bed with part of her slacks off. Appellant was nearby, fully clothed and told the mother that he had whipped V_____ for being late from school.

A short while later, a second rape occurred in V_____'s bedroom, and this time the mother entered the room, observing appellant adjusting either his belt or the fly on his trousers. Appellant explained that he had to again whip V_____ for being late. Again, soon after this second incident, V_____ was told to go to the basement for laundry purposes and a third attack occurred, which consisted of rape, oral, and anal acts of sodomy. Again, V_____ was prevented from screaming because appellant placed his hand over her mouth.

Following dinner, appellant went to bed and V_____ then disclosed the attacks to her mother. V_____ later testified that she did not tell her mother until appellant was asleep for fear of harm to herself and other family members.

The mother took V_____ to a local hospital, and then to an area children's hospital. A medical examination revealed conditions consistent with rape and sodomy, however, pregnancy and sperm tests were negative.

The defense consisted of the testimony from appellant's wife (privilege waived) and the testimony of appellant. Appellant's wife testified that she never heard or observed anything which made her aware of the attacks. Appellant's testimony consisted of his denial of the attacks and that

V_____ had made a similar accusation against appellant in 1976, which V_____ later retracted. The evidence closed and the jury returned its verdict. Appellant's motion for new trial was overruled, parole was denied following a presentence investigation, and appellant was sentenced in conformity with the jury's verdict. This appeal followed.

In his first point of error, appellant charges that the trial court committed plain error upon its failure to correctly read MAI–CR2d 1.02 to the jury. The pertinent portion of the instruction reads: (omitted words are bracketed)

"The cases which twelve of your number will try are cases in which [it is charged by the state] the defendant . . ."

Appellant contends that the omission of the words "it is charged by the state" led the jury to be instructed that appellant did in fact have sexual intercourse and did in fact have deviate sexual intercourse with the victim. Implicit within appellant's argument is the concept that the instruction, as read, erroneously assumed ultimate facts as opposed to leaving the determination of those facts to the jury, which in effect eliminated appellant's right to the presumption of innocence.

This instructional error was not challenged by objection at trial or in appellant's motion for new trial, and the point has not been preserved for review. *State v. Miller*, 604 S.W.2d 702 (Mo.App.1980) and Rule 28.-03. It is correct that Rule 28.03 provides that a party is not required to specifically or generally object to instructions which a court, on its own, has given or failed to give. The interpretation of that portion of the rule has been held to apply only to substantive instructions given prior to the closing arguments preceding submission and not to mandated procedural instructions applicable to the beginning of a case. *State v. Boyd*, 600 S.W.2d 97 (Mo.App.1980).

■ Appellant urges this court to consider the matter as plain error (Rule 30.20). Error not properly preserved will not be considered "plain error" unless there is a finding that "manifest injustice or miscar-riage of justice has resulted therefrom," Rule 30.20; and instructional error will not be considered plain error unless it is found that the trial court has so misdirected or failed to instruct the jury upon the law as to produce or cause manifest injustice or a miscarriage of justice. *State v. Bell*, 607 S.W.2d 796 (Mo.App.1980); *State v. Hayes*, 602 S.W.2d 29 (Mo.App.1980); *State v. Murphy*, 592 S.W.2d 727 (Mo. banc 1979); and *State v. Rollie*, 585 S.W.2d 78 (Mo.App. 1979).

Failure to comply with any MAI–CR2d instruction constitutes error (Rule 28.02[c]), but the prejudicial effect of such failure is to be judicially determined (Rule 28.02[e]), *State v. Ward*, 588 S.W.2d 728 (Mo.App. 1979). It has been declared that "any error associated with noncompliance 'must be deemed prejudicial unless the contrary clearly appear' ". *State v. Graves*, 588 S.W.2d 495, 497 (Mo. banc 1979); *State v. McGrath*, 603 S.W.2d 518, 519 (Mo.1980). It is the judicial determination pursuant to Rule 28.02(e) which decides the issue in each case.

■ Thus, the question before this court is whether or not the trial court's omission of the words "it is charged by the state", while error, were likewise prejudicial, therefore resulting in reversible error. Concerning the determination of prejudicial effect of instructions, it has long been determined that instructions are to be reviewed and construed together. *State v. Holt*, 592 S.W.2d 759 (Mo. banc 1979); *State v. Summerland*, 610 S.W.2d 392 (Mo.App.1980).

The instant record shows that MAI–CR2d 1.02, except for the above-referenced omission, was read accurately and entirely. In the paragraph immediately following the paragraph containing (in this case) the omission, the following appears:

"The defendant denies the charge. Thus, *an issue of fact has arisen and must be decided by a jury*, subject to instructions concerning the law which the Court will give to the jury." (emphasis added)

In addition to the foregoing language, which was read to the jury, the trial court

submitted, at the close of the evidence, MAI–CR2d 2.20 (Instruction No. 4), which reads:

"*The fact that the defendant has been charged with an offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty.*

*The defendant is presumed to be innocent unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty.*

If the evidence in this case leaves in your mind a reasonable doubt as to the defendant's guilt on any charge against him you must return a verdict of 'Not guilty' on that charge." (emphasis added)

The record also reveals that in addition to the foregoing instructions, the trial court submitted MAI–CR2d 20.02.2 (Instruction No. 5), the correct instruction applicable to rape, and MAI–CR2d 20.08.2, the correct instruction applicable to sodomy. These verdict-directing instructions advised the jury that in order to find appellant guilty, they must find and believe beyond a reasonable doubt and from the evidence that appellant had sexual intercourse and deviate sexual intercourse with V_____. Both verdict-directing instructions contained the "however clause" which instructed the jury that they must find appellant not guilty if they did not find and believe appellant guilty beyond a reasonable doubt from the evidence.

In the instant case, when the instructions are reviewed as a whole, it is obvious that the jury was instructed to the effect that appellant had been charged with offenses, that such charge created no inference of guilt, and that appellant was presumed innocent until found guilty by the jury (Instruction No. 4), MAI–CR2d 2.20. Further, it is obvious from the instructions that the jury was instructed to the effect that appellant denied the charges and that the determination of the issue of guilt was for the

jury (Instruction No. 1), MAI–CR2d 1.02. The jury was instructed under Instruction No. 4 that the state bore the burden of proof of appellant's guilt beyond a reasonable doubt. Still further, under the verdict-directing instructions (Instructions Nos. 5 and 6), the jury was instructed that it must find appellant guilty only if the jury found and believed from the evidence beyond a reasonable doubt that appellant had sexual intercourse and deviate sexual intercourse with V_____.

In its consideration of the instructions as a whole, this court concludes that the omission of the words "it is charged" (upon the reading of MAI–CR2d 1.02), while error, did not prejudice appellant. It is obvious that when the instructions are considered as a whole, the jury could not have been led to believe or led to understand that the ultimate fact issues had been taken from their determination. *State v. Crow*, 486 S.W.2d 248 (Mo.1972) and *State v. Hines*, 581 S.W.2d 109 (Mo.App.1979).

Appellant's reliance upon *Kansas City v. Martin*, 369 S.W.2d 602 (Mo.App.1963) is misplaced, because *Martin* addressed an instruction which included an erroneous date of the offense, and the date declared in the instruction did not support the date alleged in the information.

Appellant's argument that the omission removed the ultimate fact issue from the jury's determination and denied appellant the presumption of innocence is dispelled by the consideration of the instructions as a whole. No manifest injustice or miscarriage of justice resulted from the trial court's omission of the words "it is charged" from MAI–CR2d 1.02, and hence, there was no plain error. Point (1) is found to be without merit and is ruled against appellant.

As his last point, appellant charges that the trial court erred by its untimely sustaining of an objection by respondent. Appellant argues that the court abused its discretion because the court had insufficient information upon which to draw its conclusion that the line of inquiry was improper redirect examination. Appellant further

argues that the ruling denied him due process in that it denied appellant his right to present evidence of his innocence by use of testimony to impeach the credibility of the victim.

During the presentation of the defense, appellant called his wife as a witness. The challenged ruling occurred during the following portion of this witness's *redirect* testimony:

"REDIRECT EXAMINATION BY MR. KREBBS:

Back in 1976—

MR. ALLEN: I'm sorry, Your Honor, that is not redirect. I object to it.

THE COURT: Sustained.

MR. KREBBS: I have no further questions, Your Honor."

During the cross-examination of the appellant's wife, nothing was asked of her, nor anything suggested or implied, that V_____ had fabricated accusations against appellant in the past. On this appeal, it is argued that if the court had not sustained the objection, his wife would have testified that V_____ made similar but false accusations against appellant in 1976.

■ " 'The scope and extent to which redirect examination shall be permitted to go is a matter left largely to the discretion of the trial court, reviewable only for abuse,' ", *State v. Schneider*, 585 S.W.2d 114, 117 (Mo.App.1979), citing *State v. Walden*, 490 S.W.2d 391, 393[5] (Mo.App.1973), and *State v. Remspecher*, 542 S.W.2d 24 (Mo.App.1976). Absent a showing of prejudice resulting from such exercise of discretion, it will not be disturbed upon appeal, *State v. Walden, supra*. The challenged ruling occurred during redirect examination, which has as its purpose to afford a witness an opportunity to rebut or avoid the effect of testimony elicited during cross-examination, *State v. Johnson*, 539 S.W.2d 493 (Mo.App.1976), cert. denied 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977). For that purpose, a witness may be interrogated relative to any matter which tends to refute, weaken or remove unfavorable inferences, impressions, implications, or suggestions which may have been the result of his cross-examination, *State v. Houston*, 607 S.W.2d 183 (Mo.App.1980); *State v. Gatlin*, 539 S.W.2d 731 (Mo.App.1976), and *Johnson, supra*.

■■ Appellant's challenge to the ruling alleges that the trial court ruled without sufficient information and in such haste that he was prejudiced by being denied the right to present evidence directed toward the impeachment of the victim's testimony. Appellant's argument fails to include any acknowledgment that the record herein is totally devoid of any offer of proof at the time of the objection or the ruling thereon. When an objection is sustained to proffered evidence, the offering party must show its relevancy and materiality by way of an offer of proof in order to preserve the issue for appellate review, *State v. Brown*, 604 S.W.2d 10 (Mo.App.1980). Error does not arise in the exclusion of evidence, the relevancy of which is not apparent, unless the party seeking admission states the nature of the evidence he seeks to elicit, the purpose and object of the evidence, and facts necessary to establish the admissibility thereof. *State v. Whiteaker*, 499 S.W.2d 412 (Mo.1973), cert. denied 415 U.S. 949, 94 S.Ct. 1472, 39 L.Ed.2d 565 (1974); *State v. Feltrop*, 343 S.W.2d 36 (Mo.1961), *State v. Rogers*, 578 S.W.2d 362 (Mo.App.1979), and *Brown, supra*.

■ In addition to the foregoing, appellant's argument fails because the very evidence he now argues was excluded by the action of the trial court was presented to the jury in his direct testimony. The pertinent details surrounding the 1976 false accusation were admitted and the jury was advised of them. There is no merit to appellant's contention that he was prevented from presenting evidence on this issue.

There was, under the facts and circumstances of the instant case, no abuse of discretion by the trial court's sustaining of respondent's objection. Appellant's argument, under his point (2), is found to be without merit and is ruled against him.

The judgment is in all respects affirmed.

All concur.