**Donald WINTERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 43750.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 22, 1981.

Motion for Rehearing and/or Transfer
Denied Jan. 15, 1982.

Application to Transfer Denied
Feb. 16, 1982.

James C. Jones, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Donald Winters appeals the denial of his Rule 27.26 motion. He had been found guilty of second degree murder and sentenced to 17 years in prison. We affirmed on appeal. *State v. Winters*, 579 S.W.2d 715 (Mo.App.1979).

Defendant now claims four errors in denial of his motion: 1) Ineffective assistance of trial counsel in not objecting to hearsay testimony of the victim's dying declarations; 2) the state's failure to disclose its pre-trial coercion of witness Randy Williams; 3) the state failed to furnish defendant access to a law library; and 4) the grand jury system deprived defendant of due process of law. These in turn.

For a statement of the trial evidence we refer to *State v. Winters*, supra.

■ At trial three neighborhood witnesses had testified the wounded victim related in extremis how defendant had shot him; trial counsel did not object. At the evidentiary hearing counsel testified that before trial he knew of the forthcoming testimony of the victim's dying declarations and believed a proper foundation had been laid; he believed an objection would have been frivolous and antagonistic.

Defendant now contends trial counsel was ineffective in not objecting to the dying declarations testimony. He presents no argument here that the evidence was inadmissible. Defendant's argument fails to show, as it must, that trial counsel's failure to object resulted in depriving defendant of a fair trial. *Brewster v. State*, 577 S.W.2d 910[4] (Mo.App.1979). We deny defendant's initial point.

■ Defendant's second point concerns the trial testimony of state witness Randy Williams. He had testified defendant came out of the victim's home carrying a gun. Defendant now claims that then unknown to him unnamed police had threatened Randy who was on probation with "unfavorable consequences" if he failed to testify for the state. At the evidentiary hearing Randy so testified. But the state's trial counsel testified he did not offer Randy leniency and knew of no such pressure or promises. On this evidence the hearing court found Randy's testimony was not credible. No error here. Compare *Blanchard v. State*, 504 S.W.2d 180[1, 2] (Mo.App.1973).

■ By his third point defendant claims he was denied due process of law because while confined before trial there was no available law library. He does not state, as required, wherein and why the hearing court erred. *Robinson v. State*, 551 S.W.2d 309[2, 3] (Mo.App.1977). At trial he was represented by privately employed counsel; the hearing court found from its record and trial transcript that his counsel vigorously and effectively represented defendant. Compare *State v. Tyler*, 587 S.W.2d 918[33] (Mo.App.1979). We deny defendant's third point.

Last, defendant contends the hearing court erred in denying his Rule 27.26 motion because the grand jury system deprived him of due process of law. This is an unreviewable, bare conclusion; at most it is a trial error belatedly raised after trial. It is not reviewable here under Rule 27.26. *Brager v. State*, 586 S.W.2d 397[6] (Mo.App. 1979).

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.