**STATE of Missouri, Respondent,**

v.

**Jardee CARTER, Appellant.**

**No. 45870.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1983.

Mary Dames, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Thomas Mehan, Asst. Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Appeal from the conviction of stealing over $150.00, § 570.030, RSMo.1978, for which defendant was sentenced as a persistent offender to ten years in the Missouri Department of Corrections.

On May 19, 1981, victim was in his clothing store marking merchandise. He saw a man, whom he later identified as the defendant, walking out of his store with an armful of clothes. Victim pursued defendant. Defendant's trail led around a corner, over a hedge, across a grassy area and into a parking lot. Victim shouted at defendant

and observed the stolen clothes lying on the ground as defendant entered the parking lot. Victim saw defendant get into his car and try to start it. Victim ran up to the car, reached into the car, through the open door, and grabbed the defendant. Defendant pushed victim away and attempted to start his car again. Victim made a second attempt at detaining the defendant, but once again defendant shoved him back. This time defendant was able to start his car and get away. Victim was able to give the police a description of the defendant's car complete with a license plate number. Victim selected defendant's photograph out of a group of five photographs. A license plate check revealed the license was issued to defendant.

Defendant presented his girlfriend as an alibi witness. Her testimony indicated defendant may have been unable to commit the crime by reason of an injured left foot. Defendant also produced, as a witness, the custodian of records for St. Louis County Hospital.

In an effort to prove defendant could not have committed the crime, defendant sought to introduce his medical history subsequent to and including, a hospitalization five months prior to the crime wherein his third left toe was amputated. Defendant sought to prove through in-patient and out-patient hospital records that he was being treated for a foot infection at the time of the robbery. Defendant argues part of his treatment for his foot during that period called for his foot to be bandaged in such a way so as to prevent his putting a shoe on his left foot.

The court allowed the hospital's medical records custodian to testify to defendant's fifteen day hospitalization and surgery the previous December, his May 4, 1981 to May 11, 1981 hospitalization for an infected foot and his out-patient visit to the hospital on May 15, 1981. It excluded, however, testimony concerning out-patient visits to the hospital on December 29, 1980; January 5, 1981; February 2, 1981 and June 5, 1981. Defendant says information concerning medical treatment of his left foot on those

four dates was relevant to the issue of his ability to commit the crime and the identification of the defendant as the perpetrator. He argues this evidence was relevant, and the court's refusal to admit it denied him his right to a fair and impartial trial. Defendant further states the exclusion of such evidence left the jury with the erroneous impression the defendant's physical condition required less attention than was in fact the case. He argues the jury was thereby led to the false conclusion the defendant's physical condition was more consistent with his capacity to commit the crime and his identification as the perpetrator. The precise grounds for the trial court's exclusion does not appear in the record.

The admission of evidence as to relevant and material matters is within the broad discretion of the trial court. *State v. Blair,* 638 S.W.2d 739, 757 (Mo. banc 1982). Our review is limited to whether the trial court clearly abused its discretion in limiting the admission of evidence. *State v. Jones,* 629 S.W.2d 589, 591 (Mo.App.1981).

In the instant case, however, defendant failed to preserve the exclusion of the four out-patient visits for review in his failure to make an offer of proof showing that the medical records on those dates contain information or evidence showing defendant's inability to commit the crime on May 19, 1981. *State v. Ealey,* 624 S.W.2d 465, 469 (Mo.App.1981). Absent an offer of proof to that effect, we cannot say the trial court clearly abused its discretion in excluding this testimony of the custodian of the medical records. Accordingly, we affirm the trial court's ruling. *State v. Mason,* 588 S.W.2d 731, 736 (Mo.App.1979).

Based upon the record relating to defense counsel's attempt to introduce the out-patient medical records, we find no abuse of discretion.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.