STATE of Missouri,
Plaintiff–Respondent,

v.

Joel Patrick MILLER,
Defendant–Appellant.

No. 54771.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 15, 1989.

---

Mary H. Landolt, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

A jury convicted defendant of attempted first degree burglary, § 564.011, RSMo 1986; the court sentenced him as a prior and persistent offender to 15 years' imprisonment. He appeals; we affirm.

The state's evidence shows that at approximately 9:00 a.m. on January 4, 1987, Antionette Brown was walking in the back of her mother's house where her two brothers were staying. She passed two men in the alley and exchanged greetings with them. She recognized one of the men as an employee of a nearby confectionary she frequented. Antionette proceeded to the front of the house.

Meanwhile, her brother, Anthony, had been awakened when he heard the glass in his bedroom window break. He looked out the window, which was three to four feet away, and saw two faces. One man had his hands to his face and was peering through the window. He alerted his brother who went outside and told Antionette what was happening. Anthony remained in the bedroom for a short time, then went across the street to Antionette's house, phoned the police, and returned home. The police arrived shortly thereafter. Anthony told them the men were in back of the house. Officer Pipes went around the

house and saw two men jump off the roof, landing 8 to 10 feet away, facing him.

The two men ran from the scene. Officer Pipes pursued them, followed by Antionette and Anthony. The chase continued until Officer Pipes lost sight of the men. When Antionette reached Officer Pipes, she told him that defendant might be found in the confectionary where he worked. Defendant was in the store when the two arrived. He bolted out the back when he saw Officer Pipes. Officer Pipes followed; he stopped to pick up defendant's hat and dispatch a description. Defendant ran back toward the crime scene where he was arrested by another officer. Officer Pipes identified defendant at the scene and at trial as the man he saw jump off the roof and flee, and run out of the confectionary. Antionette's crime scene and trial identifications were based upon her recognition of defendant as the man she knew from the confectionary and as the man whom she saw walk past her mother's house and whom she chased. Anthony recognized defendant, at both the arrest scene and at trial, as the man he had seen through his bedroom window.

■ We perceive defendant's principal point on appeal to be that the trial court erred in overruling his motion to suppress the identification testimony of Anthony Brown. Defendant contends the identification was unreliable because Anthony's testimony at the suppression hearing and at trial was uncertain and inconsistent. While Anthony's identification was far from clear and unequivocal, he stated on several occasions that defendant was one of the men he had seen peering through his bedroom window. It is for the trial court to assess the credibility of Anthony's testimony at the suppression hearing and for the jury, at trial. *State v. Harper,* 713 S.W.2d 7, 10 (Mo.App.1986); *State v. Mayes,* 671 S.W.2d 361, 363–64 (Mo.App.1984). The indefiniteness and uncertainty of his identification affect the weight, not admissibility, of his testimony. *State v. Bivens,* 558 S.W.2d 296, 298–99 (Mo.App.1977); *State v. Bevineau,* 552 S.W.2d 67 (Mo.App.1977). The

trial court did not err in overruling defendant's motion to suppress.

■ Although his point does not complain of the identification testimony of Officer Pipes and Antionette, defendant challenges it in his argument and in his motion for new trial. Their testimony was neither uncertain nor inconsistent and the trial court did not err in admitting it.

■ Additionally, defendant argues the evidence was insufficient to support his conviction. We disagree. Three witnesses testified they saw defendant at the scene of the crime. Two of them were able to identify defendant as one of the men on the roof. The state presented evidence of defendant's flight from the crime scene. This, in addition to other evidence presented by the state, is sufficient to sustain defendant's conviction of attempted burglary in the first degree.

■ In another point, defendant contends,

> The trial court erred in submitting the verdict director, instruction No. 5 thus violating appellant's sixth amendment right to a fair and impartial jury in that (1) the verdict director did not conform to the charge as set forth in the information, (2) the verdict director did not set out that the state had to prove each element of the offense beyond a reasonable doubt and this error was not cured by the other instructions; and (3) the verdict director did not conform to the weight of the evidence.

The verdict director followed the format of MAI–CR3d 304.06, and complied with the Notes on Use. As a result, this court will not deem its submission to be error. *State v. Winkelmann,* 761 S.W.2d 702, 707 (Mo.App.1988); *State v. Newlon,* 627 S.W.2d 606, 614 (Mo. banc 1982). The trial court also submitted MAI–CR3d 302.04, thereby informing the jury that it was the state's burden to prove defendant's guilt beyond a reasonable doubt. These instructions, which must be read together, *State v. Ealey,* 624 S.W.2d 465, 467 (Mo.App. 1981), properly informed the jury of the state's burden of proof.

We have already concluded that the state made a submissible case. Defendant's sub-point as to the weight of the evidence is without merit. Finally, we have reviewed defendant's challenge to the information and find it without merit.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.