STATE of Missouri,
Plaintiff–Respondent,

v.

Timothy CLAY, Defendant–Appellant.

Timothy CLAY, Defendant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

Nos. 55945, 55953.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 22, 1989.

Jim Lynn, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for state.

REINHARD, Judge.

A jury convicted defendant of attempted first degree robbery and armed criminal

action; the court sentenced him as a prior and persistent offender to concurrent prison terms of 25 and 15 years. He appeals both from his convictions and from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

The state's evidence shows that on April 12, 1986, defendant entered a Texaco gas station and convenience store and asked for a pack of cigarettes. He spoke to the cashier for approximately five minutes, then he pulled a gun from the waist of his pants and pointed it at the cashier. The cashier immediately began screaming, "Oh my God, he's got a gun." Defendant said, "It's okay," and left the store. While he was walking toward his car, he was seen by a customer who had just arrived to purchase gasoline. The cashier was able to record the license plate number on the car as defendant drove away.

After some investigation, the police arrested defendant. He orally confessed to the crime, but refused to make a written or tape recorded statement. He was identified by the cashier in a physical line-up as the man who had wielded the gun in the convenience store. At trial, he was identified by both the cashier and the customer.

■ Defendant's point on direct appeal is that the trial court erred in overruling his oral motion to suppress the in-court identification of him by the customer. He relies on cases involving pre-trial identification procedures and their effect on an in-court identification. *See, State v. Robinson*, 641 S.W.2d 423, 427 (Mo. banc 1982). The customer, a resident of Atlanta, Georgia, was endorsed as a state's witness and was flown to St. Louis for trial. She had not viewed defendant, either in person or in a photograph, since the day of the crime. Her identification at trial was positive. As there was no pre-trial identification by the customer, there was no risk of suggestive procedures tainting the in-court identification. In a situation such as this, identification testimony is admissible so long as it is based on personal observation. *State v. Maxwell*, 502 S.W.2d 382, 391 (Mo.App. 1973). The requirement is satisfied in this case. The contention that there was not

sufficient opportunity to observe defendant affects the weight, not the admissibility of the testimony. *State v. McGrath*, 603 S.W.2d 518, 521 (Mo.1980). *See also, State v. Bevineau*, 552 S.W.2d 67 (Mo.App.1977). Accordingly, we conclude the trial court did not err in admitting the identification testimony of the customer.

■ In his amended Rule 29.15 motion, defendant alleged, inter alia, that trial counsel was ineffective for failing to perfect an appeal of his conviction and for failure to file a pre-trial motion to suppress the identification made by the customer. The motion court agreed that counsel was ineffective for failing to appeal and granted relief by vacating defendant's sentence and resentencing him, thus allowing an appeal to be perfected. As to his claim regarding the motion to suppress, the court found that defendant failed to allege sufficient facts showing the motion would have succeeded and that defendant was not prejudiced by counsel's purported ineffectiveness. The motion court therefore denied relief. Defendant appeals.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Brummell v. State*, 770 S.W.2d 379, 380 (Mo.App.1989). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Brummell*, 770 S.W.2d at 380.

■ To prevail on an ineffective assistance claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). Further, a motion court and this court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was defi-

cient. *Davis v. State,* 748 S.W.2d 698, 700 (Mo.App.1988).

On direct appeal, we decided that the trial court did not err in overruling defendant's oral motion to suppress. Defendant has not shown that a pre-trial motion would have succeeded. The findings and conclusions of the motion court are not clearly erroneous.

Judgements affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.