STATE of Missouri, Respondent,

v.

Jay W. ABBOTT, Appellant.

Nos. WD 44218, WD 46226.

Missouri Court of Appeals,
Western District.

Jan. 26, 1993.

S. Paige Canfield, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

PER CURIAM.

Jay W. Abbott was convicted of possessing more than thirty-five grams of marijuana, a controlled substance, and he was sentenced to a six-year term of imprisonment. He now appeals, claiming that the trial court erred by striking a prospective juror for cause, and by improperly defining "reasonable doubt" in a jury instruction. He also appeals from the denial of his Rule 29.15 motion for post-conviction relief, claiming that his trial counsel was ineffective for failing to request discovery, and for failing to file a motion to suppress evidence.

The judgments of the trial court and the motion court are affirmed.

On February 1, 1990, law enforcement officers converged upon Abbott's place of business to execute a search warrant. There, the officers found a lard can containing 453.69 grams of plant material as well as fifteen six- to eight-inch plants and two cans of seeds, all of which the officers believed to be marijuana.

In Count I of the ensuing information, Abbott was charged with delivery of more than five grams of marijuana, § 195.211.2, RSMo Supp.1989; in Count II, he was charged with possession of more than thirty-five grams of marijuana, § 195.202.2, RSMo Supp.1989; in Count III, he was charged with one count of production of more than five grams of marijuana, § 195.-211.2, RSMo Supp.1989. The State *nolle prossed* Count I prior to trial, the trial court granted a judgment of acquittal on Count III, and Abbott was convicted of Count II.

■ As his first point on direct appeal, Abbott claims that the trial court erred when it granted the State's request to strike venireperson Robin Terry for cause. During voir dire, Terry had expressed her belief that the possession of marijuana should be decriminalized, but she had further stated that her personal opinion would not affect her judgment and she would follow the instructions of the court.

■ Abbott argues that the trial court abused its discretion by striking venireperson Terry because she had been completely rehabilitated by her expression of her willingness to put her personal beliefs aside and follow the instructions of the court. The defendant complains that the state received, in effect, an extra peremptory because the state did not have to use a peremptory in order to get rid of Ms. Terry. Defendant argues this is unfair, in violation of his right to due process of law. The key question, however, is whether the jury was impartial. Defendant's argument in this case that due process is violated by any disparity in peremptories is not meritorious. In *Ross v. Oklahoma*, 487 U.S. 81, 108 S.Ct. 2273 (1988), it was held that a criminal defendant's right to an impartial jury was not violated when he was required to use a peremptory challenge to excuse a juror who should have been excused for cause. So long as the jury that actually sits is impartial, defendant may not complain of error. *See also State v. Hill*, 827 S.W.2d 196, 199 (Mo. banc 1992) (no error if full panel of qualified jurors is presented for peremptory challenges). Moreover, in determining whether there was an abuse of discretion, we must remember that one of the functions of the jury is to deliberate as to sentence, and to recommend a sentence for any offense as to which the accused is convicted. If the venireperson had indicated that people who use marijuana should, in her opinion, get the death penalty, then even her statement that she could set aside that belief and follow the law would be little comfort to the accused that this person would be reasonable as to sentencing. It would not be an abuse of discretion to grant a challenge for cause in such a case, and it is not an abuse of discretion in this case. Abbott's point is denied.

■ As his second point on direct appeal, Abbott claims that the trial court erred by improperly defining "reasonable doubt" in a jury instruction. Abbott argues that the instruction's definition of proof beyond a "reasonable doubt" as proof which leaves one "firmly convinced" of a defendant's guilt unconstitutionally lowers the standard of proof in a criminal case.

Abbott's trial counsel did not object to the instruction at trial, so Abbott seeks appellate relief on the basis of plain error. However, such relief is unwarranted in the case at bar, as Abbott's claim has been repeatedly rejected by Missouri courts. *State v. Blankenship*, 830 S.W.2d 1, 13 (Mo. banc 1992); *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991); *State v. Griffin*, 818 S.W.2d 278, 282 (Mo. banc 1991); *State v. Perkins*, 831 S.W.2d 637, 640 (Mo.App.1992). Abbott's point is denied.

In his sole point on appeal from the denial of his Rule 29.15 motion for post-conviction relief, Abbott claims that his trial counsel was ineffective for failing to request discovery from the State. Abbott contends that his trial counsel failed to obtain a copy of the lab report describing the evidence seized at Abbott's place of business, and therefore his trial counsel was unable to effectively cross-examine witnesses about the report. Abbott also argues that his counsel could have improved his trial position by obtaining the lab report because he would have had a

better understanding of the State's case against Abbott.

A movant who asserts ineffective assistance of counsel based on inadequate investigation must show that a more extensive investigation would have uncovered evidence which would have improved his trial position. *Tritico v. State*, 767 S.W.2d 563, 564 (Mo.App.1988). Conjecture or speculation is not sufficient to establish the required prejudice for a failure to investigate. *Blaine v. State*, 778 S.W.2d 700, 702 (Mo.App.1989). Abbott's claim that his counsel's trial position was hampered by his failure to request the lab report is too conjectural to merit relief.

Abbott also claims that his trial counsel was ineffective for failing to file a motion to suppress the evidence seized at Abbott's place of business, and for failing to file a motion to suppress statements Abbott had made at the time of his arrest and during his forfeiture hearing. However, Abbott presents us with no authority to support his claim that the evidence should have been excluded, and counsel will not be found to be ineffective for failing to file motions to suppress when the movant has not shown that such a motion would have succeeded. *State v. Clay*, 783 S.W.2d 419, 420–421 (Mo.App.1989).

Abbott also claims that his trial counsel was ineffective for failing to object, during trial, to the statements Abbott had made at the time of his arrest and during his forfeiture hearing. However, Abbott's argument is unpersuasive because he presents us with no authority to support his claim that the evidence should have been excluded. *Winters v. State*, 630 S.W.2d 121, 122 (Mo.App.1981). Counsel will not be found to be ineffective for failing to object to evidence when the movant has not shown that such an objection would have been meritorious. *See, State v. Meadows*, 785 S.W.2d 635, 642 (Mo.App. 1990).

Accordingly, the judgments of the trial court and the motion court are affirmed.