STATE of Missouri, Respondent,

v.

Ira HARRIS, Appellant.

Ira HARRIS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60371, 62764.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 2, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 30, 1994.

Loyce A. Hamilton, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

In a previous opinion we affirmed convictions and sentences on ten felony charges. *State v. Harris*, 860 S.W.2d 839 (Mo.App. E.D.1993). At the request of the parties we remanded for a *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) hearing, on the state's preemptory strikes. The trial court conducted the hearing. It denied defendant's due process challenge.

We find no error in findings that the prosecutor furnished legally sufficient, race-neutral, and non-pretextual reasons to strike one white and two black venirepersons from the panel and one black alternate. Applying the standard of review provided in *State v. Parker*, 836 S.W.2d 930, 939 (Mo. banc 1992), *cert. denied*, — U.S. —, 113 S.Ct. 636, 121 L.Ed.2d 566 (1992) we find no error in the ruling.

Defendant did not challenge and therefore did not preserve the sufficiency of the state's explanation regarding the alternate. The explanations offered by the prosecutor for the other three were multiple for each. The state struck a white woman because she was perceived to be "tough" and her husband occasionally spoke with one of the victims. It struck a black male who said he would require the state to remove all doubt to support a guilty verdict; he also wanted to leave town on personal business. The third strike was a black female. She was a burglary victim who had problems with the concept of identification.

The explanations were sufficient without considering an explanation common to many strikes, the venireperson was related to

someone with prior criminal charges or convictions. Defendant's claims of pretext went only to the criminal activity issue. They were, therefore, insufficient to demonstrate pretext in a case where other legally sufficient reasons were given and accepted by the trial court. Defendant is obligated to demonstrate pretext. *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987). Where sufficient reasons are given and there is no claim of pretext to rebut them, the ruling denying relief is not erroneous.

We affirm denial of *Batson* motion contesting the composition of the jury.

CRANE, P.J., and CRAHAN, J., concur.